UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE Trustee, ) <br> WARD DANIELS Trustee, ) <br> INDIANA LABORERS WELFARE, ) <br> PENSION, TRAINING AND DEFINED ) <br> CONTRIBUTION TRUST FUNDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIR GROUP, LLC Clerk's Entry of Default ) <br> entered on 3/11/2025, ) <br> ) <br> Defendant. ) | No. 1:24-cv-02104-SEB-TAB |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

On March 11, 2025, the Clerk entered a default against Defendant DIR Group, LLC ("DIR"). [Dkt. 9.] Now pending before the Court is Plaintiffs' Motion for Default Judgment, [dkt. 10], filed pursuant to Federal Rule of Civil Procedure 55(b), seeking damages for delinquent contributions, liquidated damages, interest, and attorney fees and costs. For the reasons stated below, Plaintiffs' motion is **GRANTED**.

BACKGROUND

Plaintiffs include employee benefit plans Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds ("the Funds") along with Trustees David Frye and Ward Daniels, who administer the Funds pursuant to various Trust Agreements. *See* 29 U.S.C. §§ 1002(1)–(3), (21). DIR, an Indiana limited liability company, is an employer-party to two Collective Bargaining Agreements (the "CBAs"), both of which

1

benefit the Funds. Compl. ¶¶ 1, 4–5, 7, 9, 12, dkt. 1. As a signatory to the CBAs, DIR covenanted to abide by the Trust Agreements including making monthly contributions to the Funds on behalf of each covered employee, which contributions were due on or before the tenth day of the month following the month in which employee work was performed. *See generally* dkt. 10-2 through 10-5.

On November 26, 2024, Plaintiffs filed their complaint alleging that, from April 2023 through September 2024, DIR failed to make timely contributions to the Funds, in violation of the CBAs and the Trust Agreements. Compl. ¶¶ 14–16, dkt. 1. These so-called "delinquent contributions" expose DIR to certain prescribed penalties under the Trust Agreements: to wit, the imposition of a ten percent interest rate per annum as well as liquidated damages of up to twenty percent of the total amount of the delinquent contributions. *See* dkt. 10-2 through 10-5. Plaintiffs aver that DIR's failure to make timely contributions to the Funds violates § 515 of the ERISA, codified at 29 U.S.C. § 1145. Compl. ¶ 15, dkt. 1. Plaintiffs seek a judgment in the amount of DIR's delinquencies to the Funds plus liquidated damages, interest, and attorney fees and costs of these proceedings, as provided by § 502(g)(2) of the ERISA, codified at 29 U.S.C. § 1132(g)(2). *Id.* ¶¶ 17–18.

On March 11, 2025, the Clerk entered a Default based on DIR's failure to answer the complaint or appear in these proceedings. *See* dkt. 9. On August 6, 2025, Plaintiffs moved for default judgment, seeking an award totaling $44,918.74 for unpaid contributions, liquidated damages, interest, and attorney fees and costs. *See* dkt. 10.

## DISCUSSION

Federal Rule of Civil Procedure 55 outlines the two stages of a default proceeding: "the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The "effect of an entry of default (step one) is that 'upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.' " *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)) (internal alterations omitted). The second step, entry of a default judgment, establishes as a matter of law that the defendant is liable to the plaintiffs on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). By contrast, plaintiffs' allegations of monetary damages are "not deemed true;" rather, "[t]he district court must . . . conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (internal citations omitted). Such an inquiry may be accomplished without a hearing, if "the amount is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

Here, as previously noted, default was entered against DIR; thus, we accept the substantive, factual allegations set out in the complaint as true for purposes of establishing DIR's liability. Fed. R. Civ. P. 55(b). We find that the amount of monetary damages sought by Plaintiffs can be calculated from the documentary evidence submitted

by them, thereby eliminating the need for an evidentiary hearing. *e360 Insight*, 500 F.3d at 602.

Under the ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Furthermore, plan fiduciaries, like Plaintiff-Trustees here, are also entitled to redress ERISA violations. *Id.* § 1132(g)(2).

In delinquent contribution cases, ERISA directs courts to award damages for unpaid contributions; interest on unpaid contributions; liquidated damages, as provided for under the plan (so long as such amount does not exceed twenty percent of the unpaid contributions); reasonable attorney fees and costs; and other appropriate legal or equitable relief. *Id.*

I. **DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES & INTEREST**

Plaintiffs request $33,025.00 as the principal amount for the delinquent contributions to the Funds. Dkt. 10 ¶¶ 5, 7. In addition, the CBAs provide for liquidated damages assessed at ten percent per month, capped at twenty percent of the total outstanding delinquency, which in this case amounts to $6,605.00. Dkt. 10 ¶¶ 6–7. An itemization of the amounts claimed as owed is as follows:

- Welfare Trust Fund
    - Unpaid Contributions: $14,187.50
    - Liquidated Damages: $2,837.50

4

- Pension Trust Fund
    - Unpaid Contributions: $16,977.50
    - Liquidated Damages: $3,395.50
- Training Trust Fund
    - Unpaid Contributions: $837.00
    - Liquidated Damages: $167.40
- ILDC Trust Fund:
    - Unpaid Contributions: $1,023.00
    - Liquidated Damages: $204.60

Dkt. 10-6. DIR's delinquent contributions are also subject to a ten percent annual interest rate, which totals in the aggregate the sum of $3,718.24. Dkt. 10 ¶ 6.

As evidentiary support, Plaintiffs rely on the affidavit of Collection Manager Robert Heller ("Mr. Heller"), who manages the contribution collection for the Funds. *See* Heller Aff., dkt. 10-1. Mr. Heller's affidavit sufficiently corroborates the details of Plaintiffs' request for unpaid contributions, liquidated damages, and interest.

## II.   ATTORNEY FEES & COSTS

Pursuant to 29 U.S.C. § 1132(g)(2)(D), district courts shall direct "reasonable attorney's fees and costs of the action, to be paid by the defendant." In awarding reasonable attorney fees, courts must "consider [ ] the proportionality of attorneys' fees to the total damage award" and explain the hourly rate applied. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs request attorney fees in the sum of $1,168.50 for the work of one attorney, Neil E. Gath ("Mr. Gath"), the owner and principal of Gath Law Office located in Indianapolis, Indiana. *See* Gath Aff. ¶¶ 1–2, 7–11, dkt. 10-7. The requested attorney fees reflect legal services from the time beginning when Plaintiffs engaged Mr. Gath to

5

assist in their efforts to recover delinquent contributions from DIR. *Id.* ¶ 1. Mr. Gath billed a total of 5.7 hours at the hourly rate of $205.00. *Id.* ¶¶ 7–8. We find this rate to be reasonable and commensurate to rates charged by other law firms for this type of work. *Trs. Int'l Painters & Allied Trades Loc. No. 47 Health & Welfare Plan v. Mid-States Painting Co., Inc.*, No. 1:20-cv-01560-JPH-DLP, 2021 WL 5235113, at *2 (S.D. Ind. Nov. 8, 2021) (approving attorney rates between $200.00 and $230.00 an hour). Plaintiffs request an additional payment of $402.00 to reimburse them for the filing fee they paid to initiate this lawsuit. *Id.* ¶ 9.

Having carefully reviewed Mr. Gath's affidavit and time entries, the Court concludes that an award for attorney fees in the amount of $1,168.50 is reasonable, as was the amount of time expended to recover the delinquent contributions from DIR. The 5.7 hours billed reflect counsel's efforts to draft the Complaint, arrange for service of process, engage in settlement discussions with DIR, move for entry of default and default judgment, and communicate with Plaintiffs regarding the status of this litigation. Plaintiffs are also entitled to payment of $402.00 as reimbursement of costs.

## CONCLUSION

For the reasons outlined above, the Court hereby **GRANTS** Plaintiffs' Motion for Default Judgment against Defendant and awards payment in the sum of $44,918.74, comprised of $33,025.00 in unpaid contributions, $6,605.00 in liquidated damages, $3,718.24 in interest, and $1,570.50 in attorney fees and costs, as specifically detailed in Plaintiffs' submissions. [Dkt. 10.] A default judgment shall enter in the total amount of

$44,918.74 in Plaintiffs' favor. Plaintiffs are further entitled to reimbursement for any additional attorney fees and costs incurred in their collecting the judgment amount.

Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:    3/9/2026                    *[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Neil E. Gath
GATH LAW OFFICE
ngath@gathlaw.com